UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| MINNIE P. BROWN,<br><br>      Plaintiff,<br><br>v.<br><br>FIRST PREMIER BANK,<br><br>      Defendant. | Civil Action No. 12-7697<br>(SDW) (MCA)<br><br><br>OPINION<br><br><br>March 6, 2013 |

**WIGENTON**, District Judge.

Before the Court is First Premier Bank's ("Defendant") Motion to Dismiss Plaintiff Minnie P. Brown's ("Plaintiff") Complaint pursuant to Rules 8 and 12(b)(6) of the Federal Rules of Civil Procedure ("Motion to Dismiss"). Plaintiff is proceeding as a *pro se* litigant and did not oppose the Motion to Dismiss.

This Court has jurisdiction pursuant to 28 U.S.C. § 1331 and the Fair Credit Reporting Act, 15 U.S.C. § 1681(p). Venue is proper in this District pursuant to 28 U.S.C. § 1391. This Motion is decided without oral argument pursuant to Fed. R. Civ. P. 78. For the reasons stated below, this Court **grants** Defendant's Motion to Dismiss.

**FACTUAL AND PROCEDURAL HISTORY**

Plaintiff filed her Complaint on or about November 26, 2012 in the Superior Court of New Jersey, Essex County. Plaintiff's handwritten Complaint does not specify any particular causes of action, factual allegations, or comprehensible statements. At best, as Defendant articulates, "the Complaint appears to be alleging that [Plaintiff] suffered damages arising from the Defendant incorrectly reporting and/or billing of finance charges, and/or fees and/or annual

1

fees and/or interest and/or monthly fees and/or incorrect transaction billing with regard to the First Premier Accounts 8701 and 8781." (Def. Br. 5.) Attached to Plaintiff's Complaint is a copy of what appears to be a bank account printout with the handwritten comment "fee charge[d] in fraud for May-June 2012." Also attached to Plaintiff's Complaint is a copy of money order receipts referencing accounts 8107 and 8781 with the handwritten comment "denies never received payment."

The case was removed to the District of New Jersey based on Defendant's contention that the case involved the Fair Credit Reporting Act, 15 U.S.C. § 1681(p).[1] On December 27, 2012, Defendant filed the instant Motion to Dismiss. Plaintiff did not oppose the Motion.

**STANDARD OF REVIEW**

The adequacy of pleadings is governed by Fed. R. Civ. P. 8(a)(2), which requires that a complaint allege "a short and plain statement of the claim showing that the pleader is entitled to relief." This Rule "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal citations omitted); see also Phillips v. Cnty. of Allegheny, 515 F.3d 224, 231 (3d Cir. 2008) (stating that Rule 8 "requires a 'showing' rather than a blanket assertion of an entitlement to relief").

In considering a Motion to Dismiss under Fed. R. Civ. P. 12(b)(6), the Court must "'accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief.'" Phillips, 515 F.3d at 231 (quoting Pinker v. Roche Holdings Ltd.,

---

[1] Section 1681(p) states, in pertinent part, that "[a]n action to enforce any liability created under this subchapter may be brought in any appropriate United States district court, without regard to the amount in controversy, or in any other court of competent jurisdiction." 15 U.S.C. § 1681(p).

292 F.3d 361, 374 n.7 (3d Cir. 2002)).  However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions.  Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (citing Twombly, 550 U.S. at 555).  If the "well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct," the complaint should be dismissed for failing to "show[ ] that the pleader is entitled to relief" as required by Rule 8(a)(2).  Id.

**DISCUSSION**

*Pro se* complaints are construed liberally and are "h[e]ld to less stringent standards than formal pleadings drafted by lawyers."  Haines v. Kerner, 404 U.S. 519, 520 (1972); see also Erickson v. Pardus, 551 U.S. 89, 94 (2007).  Nevertheless, *pro se* litigants must still allege facts, taken as true, to suggest the required elements of the claims asserted.  See Phillips, 515 F.3d at 234-35; McNeil v. United States, 508 U.S. 106, 113 (1993) ("[W]e have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel.").

This Court finds that Plaintiff's Complaint is devoid of any factual statements or viable causes of action.  Recognizing that Plaintiff is a *pro se* litigant, even construing the Complaint liberally, the Complaint does not contain comprehensible statements that articulate a claim upon which relief can be granted.

**CONCLUSION**

For the reasons stated above, this Court **grants** Defendant's Motion to Dismiss.

s/Susan D. Wigenton, U.S.D.J.

Cc:     Madeline Cox Arleo, U.S.M.J.